UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:23-CV-0033 PLC |
| | ) |
| DAVID ZEISER and | ) |
| CYNTHIA ZEISER, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff United States of America's Motion to Strike Defendants' Affirmative Defense #1. [ECF No. 18] Defendants David Zeiser and Cynthia Zeiser oppose the motion. [ECF No. 19] For the reasons stated below, the motion to strike is denied.

**I.      Background**

Plaintiff, on behalf of the Department of the Treasury and the Small Business Association (SBA), filed this civil debt collection action against Defendants under the Federal Debt Collection Improvement Act of 1996, 31 U.S.C. §3701. [ECF No. 1, ¶¶ 1-2] Plaintiff alleges that in December 2007, Defendants executed a promissory note (Note) obligating them to pay $802,000, plus interest and fees over a term of 20 years, to the St. Charles County Economic Development Council, a Certified Development Company. [ECF No. 1, ¶ 10] Defendant David Zeiser also executed a guarantee on behalf of Zeiser Ford, Inc, a company owned and operated by Defendants. [ECF No. 1, ¶ 11] The lender assigned the Note to the SBA. [ECF No. 1, ¶ 10] Plaintiff alleges Defendants defaulted on the loan in October 2016, and that they own in excess of $646,000 in principle, interest, and administrative agency fees. [ECF No. 1, ¶¶ 8-9]

In their answer, Defendants raised several affirmative defenses, including that Plaintiff is barred from recovering from Cynthia Zeiser due to violations of the Equal Credit Opportunity Act (ECOA). [ECF No. 11] Specifically, Defendants contend Plaintiff violated the ECOA by requiring Cynthia Zeiser to execute the Note "on the ground that she was David Zeiser's wife and not on any other basis" and despite the fact that "the borrower and/or guarantors were sufficiently creditworthy to meet the Plaintiff's standards of creditworthiness." [ECF No. 11] Defendants further allege that Plaintiff violated the ECOA because it: (1) failed to analyze and determine whether the borrower and other guarantors were sufficiently creditworthy to meet Plaintiff's standard of creditworthiness, (2) failed to analyze and determine whether specific assets could be pledged as collateral for the subject loans or limited guarantees, in lieu of execution of the Note by Cynthia Zeiser, and (3) violated its own loan policies with respect to acceptable collateral requirements applicable to the loan. [ECF No. 11]

Plaintiff filed the instant motion seeking to strike Defendant Cynthia Zeiser's affirmative defense under the ECOA pursuant to Federal Rule of Civil Procedure 12(f). [ECF No. 18] Plaintiff contends Cynthia Zeiser's ECOA affirmative defense should be stricken because the ECOA's prohibition on discrimination does not apply to the SBA's lending programs and, even if it did, the statute of limitations on the alleged ECOA violation has expired. [ECF No. 18] Plaintiff further contends Cynthia Zeiser is "precluded" from claiming discrimination and cannot make a prima facie showing of an ECOA claim because she "guaranteed a loan and was not denied a loan[.]" [ECF No. 18]   Plaintiff also argues that, even if there was an ECOA violation, the violation "does not void an underlying debt obligation" and Cynthia Zeiser remains responsible for repaying the loan. [ECF NO. 18] Plaintiff maintains that extending protections to Cynthia Zeiser "would expand the ECOA beyond its intended purpose and lead to circular and illogical results." [ECF No. 18]

2

Plaintiff asserts the affirmative defense should be stricken to prevent the Government from expending "limited time and resources litigating burdensome and irrelevant discovery issues that will not affect the outcome of this case." [ECF No. 18]

Defendants oppose Plaintiff's motion asserting the ECOA does apply to SBA's lending program and, although Cynthia Zeiser's ability to prosecute a claim for an ECOA violation has expired, she may still raise a recoupment defense. [ECF No. 19] Defendants also asserts that they can seek the protections of the ECOA because they are "applicants" and not "guarantors" under the statute. [ECF No. 19]

**II.    Legal Standard**

Rule 12(f) allows the Court to strike from a pleading "an insufficient defense or redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Although courts enjoy "broad discretion" in determining whether to strike a party's pleadings, such an action is "an extreme measure." Stanbury Law Firm, P.A. v. IRS, 221 F.3d 1059, 1063 (8th Cir. 2000) (per curium opinion). For this reason, motions to strike are "viewed with disfavor and are infrequently granted." Id.

"A motion to strike an affirmative defense should not be granted 'unless, as a matter of law, the defense cannot succeed under any circumstances or is immaterial in that it has no essential or important relationship to the claim for relief.'" Speraneo v. Zeus Technology, Inc., No. 4:12-CV-578-JAR, 2012 WL 2117872, at *1 (E.D. Mo. June 11, 2012) (quoting Cynergy Ergonomics, Inc. v. Ergonomic Partners, Inc., No. 4:08-CV-243 (JCH), 2008 WL 2817106, at *2 (E.D. Mo. July 21, 2008).   Furthermore, "a motion to strike should not succeed unless the party shows that it is prejudiced by the inclusion of a defense or that a defense's inclusion confuses the issues." Oliverires v. Nationwide Insurance Company of America, No. 4:18-cv-2139-SPM, 2019

3

WL 1469673, at *1 (E.D. Mo. Apr. 3, 2019), quoting Speraneo, 2012 WL 2117872, at *1. "The prejudice requirement is satisfied if striking the defense would, for example, prevent a party from engaging in burdensome discovery, or otherwise expending time and resources litigating irrelevant issues that will not affect the case's outcome." Speraneo, 2012 WL 2117872, at *1, quoting Cynergy Ergonomics, Inc., 2008 WL 2817106, at *2.  "In ruling on a motion to strike, the Court views the pleadings in the light most favorable to the pleader." Speraneo, 2012 WL 2117872, at *1 (quoting Cynergy Ergonomics, Inc., 2008 WL 2817106, at *2).

### III. Discussion

In this case, Plaintiff has not demonstrated that Defendant Cynthia Zeiser's affirmative defense could not succeed under any circumstances. The Court's review of the case law demonstrates that facts pertinent to an informed determination have yet to be established and that a ruling on the merits is likely premature.[1] See Oliverires, 2019 WL 1469673, at *1 (a motion to strike a defense is disfavored, in part, because the sufficiency of a defense "can be more thoroughly tested with the benefit of a fuller record – such as on a motion for summary judgment.").

Furthermore, Plaintiff has failed to establish that inclusion of the affirmative defense is prejudicial or would confuse the issues in the case. With respect to prejudice, Plaintiff alleges that "striking Affirmative Defense #1 would prevent the Government from having to expend limited time and resources litigating burdensome and irrelevant discovery issues that will not affect the outcome of this case." [ECF No. 18] Specifically, Plaintiff asserts that Defendants have "issued interrogatories and requests for production regarding the purported Affirmative Defense #1" and that Defendants "intend…to take depositions related to Affirmative Defense #1, including

---

[1] Plaintiff's motion relies upon factual allegations that are not supported by the record before the Court. For example, Plaintiff alleges, without supporting citations or documentation, that Defendants were co-applicants for the loan and that financial documents provided with the application included assets jointly owned by Defendants.

4

depositions of SBA representatives." [ECF No. 18]   These allegations alone are insufficient to establish that the proposed discovery rises to the level of "burdensome" or that the inclusion of the defense is otherwise prejudicial.

### IV.     Conclusion

For the reasons stated above,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike Defendants' Affirmative Defense #1 [ECF No. 18] is **DENIED**.

                                                       PATRICIA L. COHEN
                                                      UNITED STATES MAGISTRATE JUDGE

Dated this 7th day of July, 2023